IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2014 DEC 12  P 1: 33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ANDREA BRADEEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| ZALE DELAWARE, INC. and | ) |
| ZALE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

CASE NO. 1:14-CV-1217

JURY TRIAL DEMANDED

## COMPLAINT

### INTRODUCTION

1.      This is an action for redress of unlawful sex and pregnancy discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) et seq.; for unlawful interference in violation of the Family and Medical Leave Act ("FMLA"), 29 USC 2601 et. seq.; and for breach of contract under Alabama state law. The Plaintiff requests a trial by jury of all issues triable to a jury.

### JURISDICTION AND VENUE

2.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e-5(f)(3), 29 U.S.C. §2617 and 28 USC 1367.

3.      Zale Corporation and Zale Delaware, Inc., d/b/a Zales Jewelry (collectively "Zales" or "Defendants") employed the Plaintiff in Houston County, Alabama where the events or omissions giving rise to the Plaintiff's claims occurred.

Therefore, venue in the Middle District of Alabama is proper pursuant to 28 U.S.C. §1391.

## PARTIES

4.      At all relevant times herein, the Plaintiff, Andrea Bradeen, has been an Alabama resident over the age of 19 years.  She was an employee of the Defendants for purposes of Title VII, 42 USC 2000e(f).  In the 12 months before announcing her pregnancy, Ms. Bradeen, worked at least 1250 hours for the Defendants and therefore was an "eligible employee" under the Family and Medical Leave Act, 29 U.S.C. §2611. After announcing her pregnancy, Zales intentionally denied Ms. Bradeen, who had previously been a Full-Time Jewelry Consultant, the opportunity to work sufficient hours to maintain her qualification for benefits under Zale's policies or protection under the Family and Medical Leave Act, 29 USC 2601 et. seq.

5.      Zale Corporation d/b/a Zales Jewelry is believed to be a Texas corporation[1], that operates retail jewelry stores throughout the United States, Canada and Puerto Rico, including a store located 900 Wiregrass Commons Mall #906, Dothan, Alabama 36303.

6.      Zale Delaware, Inc. d/b/a Zales Jewelry, is a Delaware corporation, wholly owned by Zale Corporation, with its principal place of business in Irving, Texas, that operates retail jewelry stores throughout the United States, Canada and Puerto Rico, including a store located 900 Wiregrass Commons Mall #906, Dothan, Alabama 36303.

---

[1] According to the Alabama Secretary of State's web site, Zale Corporation in Irving, Texas was dissolved. However, the response to the EEOC charge identifies Zale Delaware, Inc. as the respondent and states that it "is a wholly owned subsidiary of Zale Corporation."

2

7.     At all relevant times herein the Zales engaged in commerce and operated retail stores in Houston County, Alabama, where the events and omissions giving rise to the Plaintiff's claims occurred.

8.     At all relevant times herein, the Defendants, individually and/or collectively, employed more than 15 employees and are therefore considered an employer for purposes of Title VII, 42 USC 2000e(b).

9.     The Defendants individually and/or collectively employed more than 50 employees and are therefore considered an employer for purposes of FMLA, 29 U.S.C. §2611 and 29 CFR 825.106.

## ADMINISTRATIVE PREREQUISITES

10.     Plaintiff timely submitted her charge of discrimination to the EEOC in this matter on May 13, 2013. Defendants responded to the charge as the employer. The EEOC found that there was reasonable cause to believe that violations of the statute(s) occurred, but declined to bring suit and a Notice of Right to Sue was issued September 16, 2014 and is attached hereto as Exhibit "A." This Complaint is filed within ninety (90) days of Plaintiff's receipt of her EEOC Notice of Right to Sue.

## STATEMENT OF FACTS

11.     Plaintiff was first hired by Zales as a Part-Time Jewelry Consultant on March 2, 2011 and in April of 2012 Plaintiff was made a Full-Time Jewelry Consultant.

12.     On or about October 10, 2012, when Plaintiff told Desiree Polo, the Temporary Acting Store Manager and several other employees that she was pregnant,

3

Desiree Polo stated that Plaintiff may as well leave (the Company) now because she wasn't going to approve any maternity leave.

13.     Almost immediately, Plaintiff began to be assigned fewer work hours.

14.     On or about December 16, 2012, prior to the store opening, Ms. Bradeen asked to speak with Desiree Polo about why her hours had been reduced and Ms. Polo stated that because Ms. Bradeen was pregnant, Ms. Polo couldn't count on Ms. Bradeen's availability or reliability anymore.

15.     Any time that Ms. Bradeen used a stool in the store to rest, Ms. Polo would tell Ms. Bradeen that she must stand, that employees are not allowed to sit on the stool and that the stool must stay in the non-public area of the store, then Ms. Polo would bring the stool back out on the floor and proceed to sit on it, while Ms. Bradeen would have to stand.

16.     Throughout Ms. Bradeen's pregnancy there were occasions where she would have had to go back and forth to the restroom, either due to nausea or needing to use the restroom.  Ms. Polo would make comments regarding this and implying that Ms. Bradeen was not working hard enough.

17.     In addition to scheduling Ms. Bradeen for a reduced number of hours, Ms. Polo would refuse to allow Ms. Bradeen to cover shifts for other employees, even though the other employees had asked Ms. Bradeen to cover for them.

18.     On or about May 1, 2013 Ms. Bradeen provided Zales with documentation from her doctor that she needed to be out of work until her child was born and she requested that she be placed on FMLA leave.  Zales responded through its Human

4

Resources Department by telling Ms. Bradeen that she did not qualify for leave because she had not worked enough hours in the preceding year, that there was no guarantee that there would be a position available to Ms. Bradeen when she returned and that Zales would be processing Ms. Bradeen's leave request as a voluntary termination.

19.    Although it is unclear how Zales actually processed the leave request, Ms. Bradeen was able to return to Zales.

## COUNT I
## TITLE VII – PREGNANCY DISCRIMINATION

20.    The Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of her Complaint as if fully set out herein.

21.    Title VII of the Civil Rights Act of 1964, as amended, prohibits employment discrimination on the basis of sex.   It is an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to the person's compensation, terms, conditions, or privileges of employment because of the individual's sex. 42 USC §2000e-2(a).

22.    Discrimination "because of sex" also includes, without limitation, discrimination on the basis of pregnancy, childbirth or related medical conditions. 42 USC 2000e(k).   It also includes discrimination based on gender stereotyping of caregivers.

23.    The Defendants violated Title VII by discriminating against the Plaintiff because of her sex in the terms and conditions of her employment by reducing the

number of hours she was assigned to work and instead assigning those hours to other similarly situated non-pregnant, employees.

24.     As the proximate result of the acts and omissions of the Defendants, the Plaintiff suffered damages including loss of past and future earnings, benefits, interest, costs and other pecuniary loss.  She has also suffered from severe emotional and mental distress, anguish, humiliation, embarrassment, discomfort and anxiety.

25.     The Defendants' discriminatory actions were intentional and done with malice and/or reckless indifference to Ms. Bradeen's federally protected rights and emotional and physical well-being.

26.     Plaintiff therefore seeks relief in order to make her whole in the form of compensatory damages for the wrong endured and punitive and/or nominal damages as determined by the jury.  The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses and all other damages allowed by law.

WHEREFORE, the Plaintiff prays that judgment be entered in her favor and against the Defendants herein for all such damages which are allowed by law to redress the wrongs committed in violation of Title VII.

## COUNT TWO
## FAMILY AND MEDICAL LEAVE ACT - INTERFERENCE

27.     The Plaintiff incorporates paragraphs 1 through 19 by reference as if fully restated herein.

28.     The Congressional findings relating to the FMLA include the following:

(1) the number of single-parent households and two-parent households in which the single parent or both parents work is increasing significantly;

(2) it is important for the development of children and the family unit that fathers and mothers be able to participate in early childrearing and the care of family members who have serious health conditions;

(3) the lack of employment policies to accommodate working parents can force individuals to choose between job security and parenting;

(4) there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods;

(5) due to the nature of the roles of men and women in our society, the primary responsibility for family caretaking often falls on women, and such responsibility affects the working lives of women more than it affects the working lives of men; and

(6) employment standards that apply to one gender only have serious potential for encouraging employers to discriminate against employees and applicants for employment who are of that gender. 29 USC 2601(a)

29.    Congress therefore stated that it is the purpose of the FMLA:

(1) to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity;

(2) to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition;

(3) to accomplish the purposes described in paragraphs (1) and (2) in a manner that accommodates the legitimate interests of employers. 29 USC 2601 (b)

30.    Under the FMLA, an eligible employee may take up to 12 workweeks of leave during any 12-month period because of a birth of a son or daughter. 29 USC 2612. FMLA is also available for prenatal care or if the mother's condition makes her unable to work. 29 CFR  825.120.

31.    The FMLA prohibits interference with any rights under the Act. Specifically, an employer is prohibited from interfering with, restraining or denying the exercise (or attempt to exercise) any rights provided by the Act. 29 USC 2615; 29 CFR 825.220.

32.    The Defendants violated the FMLA by substantially reducing the number of hours that the Plaintiff was allowed to work as a means of interfering with, restraining, or denying the exercise or attempt to exercise Plaintiff's rights under the Act as prohibited by 29 CFR 825.220(a)(1).

33.    As the proximate result of the foregoing acts and omissions of the Defendants, the Plaintiff has suffered damages including, but not limited to lost wages, benefits, and other compensation which was denied her by reason of the violation, together with the interest, and liquidated damages. The Plaintiff also seeks an award of attorney's fees, expert witness fees, and other costs of the action to be paid by the Defendants and all other damages allowed by law.

WHEREFORE, the Plaintiff prays that judgment be entered in her favor and against the Defendants herein for all such damages allowed by law under the FMLA.

8

Respectfully submitted this 11th day of December, 2014

Ashton Ott (ASB-7085-E58A)
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama 36302
Tel:   334/793-2424
Fax:   334/793-6624


## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.

Ashton H. Ott

**SERVE DEFENDANTS AT:**

Zale Delaware, Inc.
c/o Prentice Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, AL 36104

Zale Corporation
c/o Mr. Robert Townsend
2969 Montgomery Mall
Montgomery, AL 36116